## FREEMAN G. DAVIS

*vs.*

## UNITED STATES BOBBIN & SHUTTLE CO.

## Androscoggin.   Opinion February 10, 1921.

*The record and evidence in a former trustee action and scire facias proceedings, between the parties, are admissible to show the conduct and attitude of a party to a suit, as bearing on the establishment of the truth or falsity of controverted questions.   No grounds for invoking the principles of estoppel.   Verdict justified on the evidence.*

The plaintiff brought this suit against the defendant as an original promisor to recover a balance of $1293.61 for supplies furnished one Bean for use in his lumbering operation.   The jury returned a verdict for the defendant and the case is before the Law Court on plaintiff's exception and motion.

*Held:*

1.  That the record of a previous trustee suit brought by the plaintiff against Bean as the original promisor and the U. S. Bobbin & Shuttle Company as trustee, and of the subsequent scire facias action against the company as a guarantor of Bean's debt, was properly admitted as showing the conduct and attitude of the plaintiff.

2.  That the company was not estopped to prove the same and the exception is without merit.

3.  That the verdict of the jury was fully warranted by the evidence.

On exceptions and motion by plaintiff.   An action of assumpsit to recover of defendant as an original promisor a balance of $1293.61, for supplies furnished one Bean in a lumbering operation.   The presiding Justice ruled that the record and evidence in a former trustee action and scire facias proceedings between the parties, was

admissible, against the contentions of counsel for plaintiff claiming that defendant was barred by estoppel.

To which ruling plaintiff excepted. The jury returned a verdict for defendant, and plaintiff filed a general motion for a new trial. Motion and exceptions overruled.

The case is fully stated in the opinion.

*Pulsifer & Ludden*, for plaintiff.

*Harry Manser*, for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, DEASY, JJ.

CORNISH, C. J.  This is an action of assumpsit to recover a balance of $1293.61 for supplies alleged to have been sold to the defendant but delivered to one I. S. Bean for use in his lumbering operation in the Winter of 1916-1917. The question is this, was the defendant an original promisor and was credit originally given to him by the plaintiff? The jury have found in favor of the defendant and the case is before the Law Court on plaintiff's motion and exceptions.

The situation can be briefly stated. In the Fall of 1914 the defendant having purchased certain stumpage from the Great Northern Paper Company made a contract with one I. S. Bean to cut, haul and deliver on cars consigned to the defendant's mill at Auburn the logs at an agreed price. The supplies for the operation were furnished by the plaintiff after a conference with Mr. Bean, and Mr. Skinner the general manager and representative of the defendant. The present claim of the plaintiff is that Mr. Skinner then agreed that the defendant company would pay all the supply bills. Mr. Skinner on the other hand claims that he made no such agreement, but did agree that the company would pay Bean for the logs as fast as delivered and so far as they would go would keep the funds to meet the plaintiff's supply bills if duplicate bills were sent to the company. No question arose concerning this in the first year's operation because the funds in defendant's hands were ample to pay the supply bills and leave a balance for Bean. The second year's operation was carried on under the same arrangement, and that year the funds were sufficient and the question of defendant's liability did not arise.

The third year, 1916-17, the year in question, proved unfortunate, due in part at least to the illness of Bean, less than half the contemplated amount was cut, and the amount due Bean for the logs could not meet the supply and other bills due. Mr. Babcock, a creditor of

Bean, sued him and trusted the funds remaining in the defendant's hands, and then Mr. Skinner advised Davis to protect himself by also suing Bean and trusteeing the defendant. Davis did this and subsequently the Babcock claim was settled by the payment by the defendant as trustee of $100.75, by check dated May 9, 1917, and the balance of the funds due Bean from the defendant company, amounting to $389.30, was paid to the plaintiff, May 28, 1917.

The Davis writ, which had been entered at the April Term, 1917, was continued from term to term with no docket entry of the discharge of the trustee, and at the January Term, 1919, the principal defendant and the trustee were both defaulted, the trustee having paid no attention to the suit after the payment was made. Execution was returned in no part satisfied, and then at the April Term, 1919, a scire facias writ was sued out by Davis against the Bobbin & Shuttle Company to recover the balance of the execution and costs, $1452.72.

The scire facias case was heard by a single justice, at which hearing the plaintiff admitted that the Bobbin and Shuttle Company had paid over all the balance in its hands due Bean at the time of the service, $389.30, but that through its Superintendent Skinner it had guaranteed to the plaintiff the payment of the bill for all supplies that he might furnish to Bean, and that in the scire facias suit the company should be charged as having in its hands the balance of said bill because of said guaranty. In other words the plaintiff sought to hold the company in the trustee action as a guarantor of the debt owed by Bean to him. The sitting Justice denied this contention and dismissed the suit. To this ruling the plaintiff took exceptions, which were subsequently overruled by the Law Court and the decision of the sitting Justice sustained. *Davis* v. *U. S. Bobbin & Shuttle Co.*, 118 Maine, 285.

After all this had transpired the plaintiff brought this suit against the company not as a guarantor but as original promisor, and after trial at which the jury heard the testimony of Mr. Davis, Mr. Bean and others for the plaintiff, and Mr. Skinner for the defendant, and also had before them the proceedings in the previous suits, a verdict was rendered in favor of the defendant.

1. EXCEPTIONS.

The exceptions are based upon the admission of the records and evidence connected with the former trustee action and the scire facias proceedings. The reason assigned is that the defendant "was estopped from using the same to the prejudice of the plaintiff because

of the defendant's alleged representation that it was immaterial to him how said goods were charged upon the books of the plaintiff and because of the alleged request of the said defendant that the plaintiff begin such trustee suit." This involved controverted facts, the evidence on the point being flatly contradictory, and the plaintiff in asking the exclusion of the evidence virtually asked the court to decide the controverted facts in plaintiff's favor and then rule thereon as to their effect. This the court properly declined to do. It should be added however that the whole theory of estoppel as set up by the plaintiff was without foundation in fact. It was a theory and nothing more. The elements of estoppel were wholly lacking.

In his attempt to maintain this action upon an alleged original promise by the defendant, the conduct and acts of the plaintiff in bringing previous suits were of the utmost importance. The records were properly admitted and the plaintiff takes nothing by his exceptions.

MOTION.

The verdict of the jury was fully warranted. It was based upon the positive and convincing testimony of the defendant's superintendent as to the original agreements between the parties, upon the probabilities of the case, and the reasonableness of the defendant's position, upon the original book charges of Davis against Bean and not against the company, and the book accounts of the company with Bean and not with the plaintiff; the conduct of the plaintiff in claiming Bean as the original debtor, by bringing suit against him as such and making the company not a debtor to the plaintiff but to Bean and therefore a trustee; in accepting the amount in the hands of the trustee, $389.30, not as funds originally belonging to the plaintiff but as belonging to Bean, and therefore attachable in payment of Bean's debt to the plaintiff; upon his shifting position when in the scire facias action he set up an independent guaranty on the part of the company, claiming that Bean was still the original debtor and that the company had guaranteed the payment of the bill. All these pertinent facts were of such persuasive power as to utterly overthrow the third and latest contention of the plaintiff, and the testimony introduced to support it, and to lead the jury straight on to the verdict which they rendered.

The entry must therefore be,

*Motion and exceptions overruled.*